Filed 3/17/23 P. v. Privett CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096724 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE018233) |
| v. | |
| EUGENE GEORGE PRIVETT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Eugene George Privett has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Our review of the record has disclosed the trial court's erroneous imposition of a fee, as well as certain errors in the abstract of judgment. We modify the judgment to strike this fee and will direct the trial court to amend and correct the abstract of judgment. We affirm the judgment as modified.

# BACKGROUND

An information charged defendant with driving or taking a vehicle without consent with a prior (Veh. Code, § 10851, subd. (a); count one) and buying/receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count two).[1] The complaint further alleged defendant had suffered a prior strike. (§§ 667, subd. (d), 1170.12, subd. (b).) Defendant pleaded not guilty and denied the enhancement allegations.

Defendant appeared out of custody at the pretrial conference, at which time the trial court denied defendant's request to resolve the case by plea while remaining out of custody pending sentencing. Defendant declined to change his plea, and the court denied defendant's request to delay the trial to allow him to hire private counsel. The court warned defendant that any failure to appear for trial would be considered a voluntary absence.

Defendant was present for jury selection, but failed to appear for the remainder of his trial. The trial court determined defendant was voluntarily absent, and the trial proceeded without him. The jury was instructed not to consider defendant's absence for any reason.

At trial, the People presented evidence that the victim, Gregory S., parked his Ford F-250 truck in a commercial parking lot on May 1, 2019. When he returned to pick the truck up several days later, it was gone. Gregory S. confirmed the truck had not been towed by a local business. The truck had been locked, with the windows closed, but Gregory S. kept a magnetic hide-a-key under the bed rail. No one had permission to take the truck, which had its issued license plates attached. When the truck was recovered, the license plates had been changed, as had the wheels and tires. The truck had also been painted and was extensively damaged.

---

[1] Undesignated statutory references are to the Penal Code.

On October 7, 2019, Officer Anson Chan of the California Highway Patrol ran the license plates on an unoccupied Ford F-250 and learned the plates attached to the truck were registered to a Ford F-450. This led Officer Chan to suspect the truck might be stolen, and he set up surveillance. The license plate attached to the truck was registered to defendant. Defendant and a companion got into the truck, and defendant drove away. Officer Chan stopped the truck a short time later. A check of the F-250's vehicle identification number revealed the truck had been reported stolen and was owned by Gregory S. The driver's door key latch had been damaged suggesting it had been stolen, although defendant had what appeared to be a legitimate key for the truck.

A Sacramento County Sheriff's office records officer downloaded two jail phone calls corresponding to defendant's x-reference number. The phone calls contained a conversation in which defendant asked the person with whom he was speaking to generate a bill of sale for the Ford F-250 from a Larry Lee Musolf. The trial court took judicial notice of and presented the jury with a certified death certificate reflecting Mr. Musolf's death in 2010, as well as documents from the Department of Motor Vehicles related to the two different license plates previously discussed in the testimony.

On December 7, 2021, the jury found defendant guilty on both counts, and in a bifurcated proceeding, determined the enhancing allegations were true, including that defendant had suffered a prior strike. The argument of the prosecution and jury instructions provided make clear that defendant was convicted on a theory of *driving* the victim's truck (as opposed to merely taking it).

At sentencing on August 3, 2022, the trial court declined to dismiss the prior strike and adopted the sentencing recommendation of the probation department to sentence defendant to six years on count two (the midterm doubled per the prior strike finding) plus six years stayed for count two, with 245 days of custody credit. The court also imposed various fines and fees--including as relevant here a 20 percent criminal impact fee (§ 1465.7)--and ordered defendant pay $5,700 in victim restitution (§ 1202.4).

3

Defendant timely appealed.  The case was fully briefed and assigned to this panel on February 15, 2023.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief; more than 30 days have passed, and we have received no filings from defendant.

We note the 20 percent criminal impact fee imposed by the trial court, which must be "levied on the base fine" (see § 1465.7, subd. (a)), does not properly attach to any of the fines and fees imposed in this case, and there is no "base fine" here; this fee's imposition was thus in error.  We will modify the judgment to strike the criminal impact fee.

Further, the abstract of judgment omits the six-year (stayed) prison term on count two, as well as the jury's true findings on the enhancements.  We will direct correction of these errors in the abstract of judgment.

Finding no other arguable error arguably resulting in a disposition more favorable to defendant, we affirm the judgment as modified.

## DISPOSITION

The judgment is modified to strike the 20 percent criminal impact fee (§ 1465.7) and affirmed in all other respects.

The trial court is directed to prepare an amended abstract of judgment reflecting the modification and to also correct the new abstract to include the omitted stayed six-year term imposed on count two, as well as the jury's true findings on the enhancement allegations, and to forward a certified copy of the new abstract of judgment to the California Department of Corrections and Rehabilitation.

/s/

Duarte, Acting P. J.

We concur:


/s/

Boulware Eurie, J.


/s/

McAdam, J.*

---

*  Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.